### N. B. Campbell v. Alice M. Chase.

#### No. 15,626.   (96 Pac. 949.)

Sales—*Agency—Authority—Termination.* Agents employed to find a purchaser of real estate contracted to sell the land. at an agreed price. The owner sent the deed to a third party, with instructions to deliver it on receipt of the purchase-price. Subsequently the agents made a different contract with the vendee, but it was not binding on the landowner.

Error from Shawnee district court; Alston W. Dana, judge. Opinion filed July 3, 1908. Affirmed.

*W. F. Schoch, Lee Monroe,* and *George A. Kline,* for plaintiff in error.

*James A. Troutman,* and *Robert Stone,* for defendant in error.

*Per Curiam:* The instructions fairly presented the opposing theories of the parties. We are unable to see how the defendant could have been prejudiced by the admission of the testimony of the payment of the Pushaw mortgage or by the statement of the witness as to the amount due thereon.

Campbell purchased the property of Mrs. Chase through W. C. Stephenson & Co., of Topeka, who were her agents for the purpose of finding a purchaser. The agreed price was $8000, and he was to receive the title free of encumbrances. There is no evidence to show that Stephenson & Co., from the time the terms of sale were agreed upon, had any authority to represent Mrs. Chase any further. On the contrary, she sent the deed to her attorney, H. G. Larimer, of Topeka, and instructed him to deliver it on receipt of the purchase-price, and no person had her authority to agree upon a sale at a different price. Campbell discovered that a mortgage which the record showed amounted to $618 could be purchased for $295, and attempted by a subsequent memorandum, agreed to by Stephenson & Co., who purported to act as the agents of Mrs. Chase, to make an entirely different contract, by which he was to pay $7382 and assume the Pushaw mortgage. In the meantime Mrs. Chase had paid $200 on this mortgage, and there was in fact but $259.50 remaining due. Before consenting that Campbell should retain the $618 Larimer required Stephenson & Co. to agree in writing that any sums paid by Mrs. Chase on the mortgage should be refunded. We think the jury were justified in finding that Stephenson & Co. represented Campbell in this latter transaction; but in any event his original contract with Mrs. Chase, which had not been modified, required him to do the same thing.

There was a sharp conflict in the evidence as to what occurred at the time the transaction was closed and the deed delivered, and particularly with reference to whether Larimer consented to the second contract. He

denied that he ever heard of it until long after the deal was closed. The jury have settled this conflict against the plaintiff in error.

In our opinion the verdict is supported by evidence and is right. The judgment is affirmed.